Nicholson, C. J.,
delivered tbe opinion of tbe court:
Defendant moves to dismiss tbe appeal in tbis case upon tbe following state of tbe record:
Judgment was rendered against Zent on tbe 29tb of April, 1875, one of tbe days of tbe January term, and be prayed for an appeal by bond and security. But tbe January term of tbe court closed about tbe last of April, and before tbe thirty days expired, tbe May term commenced; witbin tbe thirty days, Zent went into the court, during its May term, and executed bis appeal bond, which was accepted and approved by tbe judge.
It has been long settled that a circuit judge could not authorize an appeal bond to be taken by tbe clerk, after *442 the expiration of the term. The judge himself could exercise no such power after the expiration-of the term. It does not alter the case that his court is in session at a subsequent term, when he approves the bond. Iiis jurisdiction and power as to. the business of the January term ceased with the adjournment, of that term.
But the record shows that when the appeal was prayed for on the 29th of April, 1875, the judge gave the appellant an appeal “upon giving bond within thirty days, as r&-quired by law, which time is allowed said defendant within which to give said bond.” The general law is that an appeal to this court from a court of law can only be perfected during the term of the court at which the judgment is rendered. There is a special law, passed in 1871 [acts 1871, ch. 59], which authorized a circuit judge to allow not exceeding thirty days for giving appeal bonds to- nonresidents of the county or state, or to parties physically unable to attend. It does not appear from the record that thirty days was given to the appellant in this- case, because he was entitled to the time under’ the act of 1871. As this is a special jurisdiction conferred on the judge, and is in derogation of the general law, we think it was essential to the validity of its exercise that it should appear in the-record that the time was given for one of the reasons specified in the act of 1871.
The appeal bond is therefore a nullity, and the appeal must be dismissed.